981 F.2d 1258
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Monroe JONES, Plaintiff-Appellant,
v.
M. HENNESSY, Defendant-Appellee.
 No. 91-15862.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 17, 1992.*
Decided Dec. 22, 1992.
 
 Before GOODWIN, O'SCANNLAIN and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Monroe Jones, a California state prisoner, appeals pro se and in forma pauperis the district court's dismissal with prejudice of his 42 U.S.C. § 1983 action prior to service of process. In his complaint, Jones alleged that his rights under the Fourth, Eighth, and Fourteenth Amendments were violated when state prison officials, without his consent, administered a blood test to determine whether Jones carries the AIDS virus after Jones had been accused of raping a fellow prisoner. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm in part, reverse in part and remand.
 
 
 3
 * The district court's sua sponte dismissal of an in forma pauperis complaint before service of process upon the defendants is construed as a dismissal as frivolous under 28 U.S.C. § 1915(d). Lopez v. Dept. of Health Services, 939 F.2d 881, 882 (9th Cir.1991). We review the district court's § 1915(d) dismissal for an abuse of discretion. Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992).
 
 
 4
 "A complaint is 'frivolous' within the meaning of section 1915(d) only if it lacks an arguable basis in law or fact." Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir.1989). A district judge may dismiss sua sponte in forma pauperis claims which "are based on indisputably meritless legal theories" or "whose factual contentions are clearly baseless." Id. (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).
 
 II
 
 5
 Jones's complaint alleges that California state prison officials, by compelling him to submit to a blood test, deprived him of his rights under the Fourth, Eighth and Fourteenth Amendments. "To state a section 1983 claim, a plaintiff must allege facts which show a deprivation of a right, privilege or immunity secured by the Constitution or federal law by a person acting under color of state law." Lopez, 939 F.2d at 883. Jones argues that the district court abused its discretion by concluding that his several constitutional claims were frivolous.
 
 
 6
 * The district court properly determined that Jones's Fourth Amendment claim lacks an arguable basis in fact and law. To justify an involuntary blood test under the Fourth Amendment, prison officials must: "(1) ... establish what the purpose of the blood test [is], and (2) ... show that the results [will be] used to further a legitimate penological interest." Walker v. Sumner, 917 F.2d 382, 388 (9th Cir.1990). Jones was notified by letter on December 10, 1990 that a "blood draw and subsequent HIV test with or without [his] consent" would take place three to four days later. Thus, it is apparent that the blood test was administered to determine whether Jones was an AIDS carrier, following the accusation that Jones had raped another inmate. Further, it is clear from the record submitted by Jones that the results of this test were to be used to determine whether Jones might have infected his alleged victim. With respect to the second prong of the Walker test, California's "interest of diagnosing severe medical problems to prevent transmission of serious disease among the general jail population is sufficiently compelling to preclude a finding that [the extraction of blood is an] unreasonable [search] within the meaning of the Fourth Amendment." Thompson v. City of Los Angeles, 885 F.2d 1439, 1447 (9th Cir.1989); see also Cal.Penal Code § 7500(f) (AIDS testing of prisoners helps to "preserve the health of public employees, inmates, and persons in custody, as well as that of the public at large").
 
 B
 
 7
 Jones's Eighth Amendment claim is similarly baseless. The record submitted by Jones indicates that he was afforded the opportunity to appeal the prison officials' initial decision to test him to a three member panel, and that the blood test was administered by a nurse. Jones does not allege, nor can he establish, that prison officials acted with the requisite "deliberate indifference" to his rights in conducting the blood test. See Wilson v. Seiter, 111 S.Ct. 2321, 2326 (1991) (prison officials must act with deliberate indifference to satisfy the subjective component of an Eighth Amendment prison claim).
 
 C
 
 8
 Jones argues that he had a protected liberty interest, which required prison officials to comply with the procedures outlined in the Cal.Penal Code before compelling him to submit to an AIDS test. We cannot say that Jones's Fourteenth Amendment claim lacks an arguable basis in law or fact.
 
 
 9
 "A state creates a protected liberty interest when it places substantive limitations on official discretion." Mendoza v. Blodgett, 960 F.2d 1425, 1428 (9th Cir.1992). "The most common way a state creates such an interest is by adopting regulations which establish 'substantive predicates' to govern official decision-making and by mandating the outcome to be reached upon a finding that the relevant criteria have been met." Id. (quoting Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 462 (1989)).
 
 
 10
 Procedures for the involuntary HIV testing of California state prisoners are set out in Cal.Penal Code §§ 7510-7519. Jones challenges the district court's finding that "[t]he proper statutory procedures were followed in the prison authorities' conduct of the [AIDS] test." Rather, Jones contends that a blood test for AIDS was administered before the superior court's disposition of his appeal under Cal.Penal Code § 7516.5. Section 7516.5 permits a panel decision which requires testing to be appealed to the superior court, and requires the court to schedule a hearing as quickly as possible. Jones was tested pursuant to the panel decision before his appeal was resolved. Because California prison officials may have deprived Jones of procedural protections established by California statute, Jones's Fourteenth Amendment claim is not frivolous under section 1915(d).
 
 
 11
 The district court's judgment is reversed as to Jones's claim under the Fourteenth Amendment and is affirmed as to Jones's Fourth and Eighth Amendment causes of action. We remand the case for issuance and service of process.
 
 
 12
 AFFIRMED in part, REVERSED in part and REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3