15 F.3d 1082
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Jerry B. BALISOK, Plaintiff-Appellant,
v.
Ronald FLECK; George Kuzma; Barry Kellogg, Defendants-Appellees.
 No. 93-35485.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 13, 1993.*
Decided Dec. 17, 1993.
 
 Before: GOODWIN, CANBY and KOZINSKI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jerry B. Balisok, a Washington state prisoner, appeals pro se the district court's dismissal of his 42 U.S.C. Sec. 1983 action as frivolous under 28 U.S.C. Sec. 1915(d). The district court found that Balisok had failed to state a viable section 1983 claim. Balisok alleged that the defendants, three medical doctors employed at the Washington State Penitentiary, were deliberately indifferent to his serious medical needs. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and we review for an abuse of discretion. Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992). We vacate and remand.
 
 
 3
 In forma pauperis complaints that are frivolous may be dismissed before service of process under 28 U.S.C. Sec. 1915(d). Neitzke v. Williams, 490 U.S. 319, 324 (1989). A complaint is frivolous "where it lacks an arguable basis in law or fact." Id. at 325. However, "[w]hen a complaint raises an arguable question of law which the district court ultimately finds is correctly resolved against the plaintiff, dismissal under [Fed.R.Civ.P.] 12(b)(6) grounds is appropriate, but dismissal on the basis of frivolousness is not."[1] Id. at 328. An indigent plaintiff with an arguable claim is entitled to issuance and service of process. Lopez v. Department of Health Serv., 939 F.2d 881, 882 (9th Cir.1991) (per curiam); see also Broughton v. Cutter Lab., 622 F.2d 458, 460 (9th Cir.1980).
 
 
 4
 To state an arguable section 1983 claim for failure to provide medical care, the prisoner must allege that the defendants' "acts or omissions [were] sufficiently harmful to evidence a deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976); Toussaint v. McCarthy, 801 F.2d 1080, 1111 (9th Cir.1986), cert. denied, 481 U.S. 1069 (1987). "Such indifference may be manifested in two ways. It may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison officials provide medical care." Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir.1988); see also Gamble, 429 U.S. at 104-05. The delay in medical treatment must have caused substantial harm. Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir.1985); see also Hunt v. Dental Department, 865 F.2d 198, 200 (9th Cir.1989) (finding that a three month delay in replacing dentures, causing gum disease and possibly weight loss, constituted an eighth amendment violation); Broughton, 622 F.2d at 460 (finding that a delay of six days in treating hepatitis may constitute deliberate indifference). A finding that the defendants repeatedly failed to treat an inmate properly or that a single failure was egregious strongly suggest that the defendants' actions were motivated by "deliberate indifference" to the prisoner's serious medical needs. McGuckin v. Smith, 974 F.2d 1050, 1061 (9th Cir.1992).
 
 
 5
 Here, Balisok's complaint alleges that in 1992 lumps appeared on the left side of his chest. Balisok alleges that Fleck examined the lumps and diagnosed them as benign tumors that did not need to be removed. Fleck referred Balisok to Kuzma. Kuzma concurred in Fleck's diagnosis. Balisok was then examined by Kellogg in December, 1992. Kellogg also concurred in Fleck's diagnosis.
 
 
 6
 Balisok alleges that the lumps cause him sharp pain each time he moves his left arm. Balisok states that "[t]he focus of this suit is that the defendants have left plaintiff in pain for several months." With respect to the lumps on his chest, we conclude that Balisok's allegations that the defendants provided inadequate medical care and delayed medical treatment states an arguable section 1983 claim. See McGuckin, 974 F.2d at 1061; Hunt, 865 F.2d at 200; Broughton, 622 F.2d at 460.
 
 
 7
 Balisok's complaint further alleges that he suffers from "a chronic and recurrent eye infection." Balisok alleges that he told Fleck what medication works to combat his eye infection, but Fleck tried several other medications before finally prescribing a medication that worked. Balisok alleges that Kuzma changed his medication to one that does not work.
 
 
 8
 Balisok alleges that his eye infection has returned, his vision has deteriorated, and he believes that he is going blind. With respect to his eye infection, we conclude that Balisok's allegations that Fleck and Kuzma provided inadequate medical care and delayed medical treatment states an arguable section 1983 claim. See McGuckin, 974 F.2d at 1061; Hunt, 865 F.2d at 200; Broughton, 622 F.2d at 460.
 
 
 9
 Therefore, we conclude that the district court abused its discretion in dismissing Balisok's complaint. See Denton, 112 S.Ct. at 1734; Neitzke, 490 U.S. at 328. Accordingly, Balisok is entitled to issuance and service of process on his claims. See Lopez, 939 F.2d at 882; Broughton, 622 F.2d at 460.
 
 
 10
 VACATED AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The permissibility, if any, of sua sponte dismissal under Fed.R.Civ.P. 12(b)(6) has not been determined. Neitzke, 490 U.S. at 330 n. 8