37 F.3d 1504
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Isaac CORTEZ, Plaintiff-Appellant,
v.
G. FLETCHER; T. Gambone; B. Zabor, Defendants-Appellees.
 No. 93-36143.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 4, 1994.*
Decided Oct. 6, 1994.
 
 Before: BROWNING, FARRIS, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Washington state prisoner Isaac Cortez appeals pro se the district court's sua sponte dismissal of his 42 U.S.C. Sec. 1983 action as frivolous under 28 U.S.C. Sec. 1915(d). Cortez contends that defendant prison officials were deliberately indifferent to his serious medical needs. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. We review for an abuse of discretion, Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992), and vacate and remand.
 
 
 3
 Pursuant to 28 U.S.C. Sec. 1915(d), a district court may dismiss a complaint sua sponte before issuance and service of process only if it is frivolous. Neitzke v. Williams, 490 U.S. 319, 324 (1989). A complaint is frivolous if it "lacks an arguable basis either in law or in fact." Id. at 325. "When a complaint raises an arguable question of law which the district court ultimately finds is correctly resolved against the plaintiff, dismissal under [Fed.R.Civ.P.] 12(b)(6) grounds is appropriate, but dismissal on the basis of frivolousness is not."[1] Id. at 328. "An indigent plaintiff with an arguable claim is entitled to issuance and service of process." Lopez v. Department of Health Servs., 939 F.2d 881, 882 (9th Cir.1991) (per curiam); see also Broughton v. Cutter Lab., 622 F.2d 458, 460 (9th Cir.1980). Although a court must construe a pro se plaintiff's pleading liberally and afford the plaintiff the benefit of any doubt, Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 623 (9th Cir.1988), a pro se complaint may be dismissed without leave to amend if it is clear that the deficiencies could not be cured by amendment, Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir.1987).
 
 
 4
 To support a section 1983 claim for failure to provide medical care, the prisoner must allege that the defendants' "acts or omissions [were] sufficiently harmful to evidence a deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976); Toussaint v. McCarthy, 801 F.2d 1080, 1111 (9th Cir.1986), cert. denied, 481 U.S. 1069 (1987). "Such indifference may be manifested in two ways. It may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison officials provide medical care." Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir.1988); see also Estelle, 429 U.S. at 104-05. The delay in medical treatment must have caused substantial harm. Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir.1985). "[A] finding that the defendants repeatedly failed to treat an inmate properly or that a single failure was egregious strongly suggests that the defendant's actions were motivated by 'deliberate indifference' to the prisoner's medical needs." McGuckin v. Smith, 974 F.2d 1050, 1060-61 (9th Cir.1992).
 
 
 5
 Here, Cortez alleges that he was injured after being ordered to physically lift a footlocker containing curio supplies. Cortez contends that he suffered a "serious lower back injury, which has resulted in a severe twist of plaintiff's spine, deep numbness in the legs and constant pain." Although Cortez was seen by the prison medical staff and received pain medication, he alleges that defendants failed to adequately treat his injury and that the injury has severely incapacitated his ability to walk upright. We conclude that Cortez's allegations that defendants provided inadequate medical care have an arguable basis in law and fact. See id.; Broughton, 622 F.2d at 460. Accordingly, we vacate the district court's dismissal and remand for further proceedings. See Lopez, 939 F.2d at 882; Broughton, 622 F.2d at 460.
 
 
 6
 VACATED AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The permissibility, if any, of sua sponte dismissal under Fed.R.Civ.P. 12(b)(6) has not been determined. Neitzke, 490 U.S. at 330 n. 8