42 F.3d 1401
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jorge L. ORTIZ, Plaintiff-Appellant,
v.
COUNTY OF ORANGE; M. Arellano; M. Mech; Rose Mary
Reyes-Hatch, Defendants-Appellees.
 No. 94-55445.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 19, 1994.*
Decided Nov. 28, 1994.
 
 Before: CHOY, SKOPIL, and FERGUSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jorge L. Ortiz, a Mexican-American resident of Orange County, appeals pro se the district court's dismissal of his 42 U.S.C. Sec. 1983 action as frivolous under 28 U.S.C. Sec. 1915(d).
 
 
 3
 * On January 7, 1994, Jorge Ortiz lodged a complaint in the federal district court for the Central District of California alleging civil rights violations under 42 U.S.C. Sec. 1983. Ortiz named as defendants Orange County, and M. Arellano, M. Mech, and Rose Mary Reyes-Hatch, all alleged employees of Orange County. In addition, on January 7, 1994, Ortiz submitted a request to proceed in forma pauperis.
 
 
 4
 On January 19, 1994, the district court denied the request to proceed in forma pauperis. The district court's reasons for denying Ortiz in forma pauperis status under section 1915(d) were handwritten in the margins of the order. First, the district court found the action patently frivolous because no factual allegations against defendants Mech and Arellano appeared in Ortiz's complaint. Second, the district court held that the theory of respondeat superior is not actionable under section 1983.
 
 
 5
 On February 18, 1994, Ortiz petitioned this court for a writ of mandamus. A motions panel of this court, however, determined that the district court's section 1915(d) dismissal was a final, appealable order. The panel thus dismissed the petition for writ of mandamus and construed it as a timely notice of appeal. Having jurisdiction under 28 U.S.C. Sec. 1291, we vacate and remand.
 
 II
 
 6
 Ortiz contends that the district court should not have dismissed his case sua sponte under 28 U.S.C. Sec. 1915(d) because his claims were not patently frivolous.
 
 
 7
 We review a district court's dismissal of an action as frivolous under section 1915(d) for abuse of discretion. Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992). Under 28 U.S.C. Sec. 1915(d), a district court may dismiss an in forma pauperis complaint sua sponte and before issuance of process if the complaint is frivolous. Neitzke v. Williams, 490 U.S. 319, 324 (1989). A complaint is frivolous "where it lacks an arguable basis either in law or in fact." Id. at 325.
 
 
 8
 In civil rights cases, a pro se litigant's pleadings are construed liberally. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir.1990); Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 623 (9th Cir.1988). To state a claim under 42 U.S.C. Sec. 1983, the plaintiff must allege that (1) a person or persons acting under color of state law (2) deprived the plaintiff of some right secured by the Constitution or federal laws. West v. Atkins, 487 U.S. 42, 48 (1988); Lopez v. Dep't of Health Servs., 939 F.2d 881, 883 (9th Cir.1991) (per curiam). Liability under section 1983 arises only if the complaint alleges personal participation by the defendant. Taylor v. List, 880 F.2d 1040, 1045 (9th Cir.1989).
 
 
 9
 Ortiz, a Mexican-American resident of Orange County, alleged that three Orange County employees violated his civil rights on two occasions. First, Ortiz alleged that on December 24, 1992, defendants demanded to see his birth certificate when he applied for food stamps. Second, Ortiz alleged that on or around January 7, 1993, defendant Reyes-Hatch knocked on the door of Ortiz's home and demanded to know if he was an illegal alien. Ortiz alleged that these actions were taken because he is Mexican-American.
 
 III
 Defendants Mech and Arellano
 
 10
 Although Ortiz named M. Mech and M. Arellano as defendants, he did not make any specific allegations connecting them with either incident. The district court therefore held that Ortiz's action was patently frivolous.
 
 
 11
 Ortiz contends that the use of the word "defendants" in his complaint sufficiently constitutes factual allegations against defendants Mech and Arellano. Because Ortiz did not allege any personal participation by Mech and Arellano, they cannot be held liable under section 1983. See Taylor, 880 F.2d at 1045. The district court erred, however, by dismissing Ortiz's action against Mech and Arellano as frivolous without first allowing Ortiz an opportunity to amend his complaint. The district court must give a pro se litigant an opportunity to amend the complaint unless it is absolutely clear that no amendment will cure the deficiencies of the complaint. Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir.1987).
 
 
 12
 Ortiz's claim based on the alleged food stamp incident appears to have an arguable basis in law. Federal regulations provide that while a birth certificate is an acceptable document to use to verify the identity of a food stamp applicant, the verifying agency may not require the applicant to provide a birth certificate as verification of identity. See 7 C.F.R. Sec. 273.2(f)(1)(vii) (1994). Ortiz alleged that defendants treated him differently, by demanding his birth certificate, because he is Mexican-American and thus violated his civil right under the Equal Protection Clause of the Constitution.
 
 
 13
 Although no defendants were specifically named in connection with the food stamp incident, the incident does not appear to be fanciful or delusional and therefore is not factually frivolous under Denton. See 112 S.Ct. at 1733 (stating that a complaint lacks an arguable basis in fact if the alleged facts are baseless, fanciful, fantastic, or delusional).
 
 
 14
 The district court should have construed Ortiz's pro se complaint liberally, see Balistreri, 901 F.2d at 699, and should have allowed Ortiz an opportunity to amend his complaint to name individual defendants in association with the food stamp incident, see Noll, 809 F.2d at 1448.
 
 IV
 Defendant Reyes-Hatch
 
 15
 Defendant Reyes-Hatch's name never appeared in the magistrate judge's handwritten notes in the margins of the in forma pauperis order. Therefore, the district court offered no reason for dismissing the complaint against Reyes-Hatch.
 
 
 16
 Ortiz's complaint contains specific factual allegations against Reyes-Hatch. Reyes-Hatch allegedly knocked on Ortiz's door, claimed to be from the county district attorney's office, and demanded to know if Ortiz was an illegal alien. In addition, Ortiz alleged that Reyes-Hatch treated him differently because he is Mexican-American. Because Ortiz thus alleged a violation of his civil right under the Equal Protection Clause of the Constitution, Ortiz's claim against Reyes-Hatch is not frivolous.
 
 
 17
 Accordingly, the district court erred by dismissing the complaint against Reyes-Hatch.
 
 V
 Defendant County of Orange
 
 18
 Ortiz contends that the County of Orange is liable for the actions of its employees under the respondeat superior theory. Orange County is allegedly the employer of the three named defendants, Arellano, Mech, and Reyes-Hatch. Ortiz contends that respondeat superior is actionable under section 1983 if statutory consent is found. He presents the 1963 California Tort Claims Act as evidence of California's consent to liability under respondeat superior.
 
 
 19
 A local government like Orange County cannot be held liable under section 1983 on a respondeat superior theory. Monell v. Dep't of Social Servs., 436 U.S. 658, 691 (1978).[1] But a government entity, like Orange County, may be held liable under section 1983 when the execution of the entity's policy or custom results in the deprivation of civil rights. Id. at 690.
 
 
 20
 Here, Ortiz's action lacks an arguable basis in law, to the extent that he sought to hold Orange County liable for the actions of its employees, Arellano, Mech, and Reyes-Hatch, under the theory of respondeat superior. Id. at 691.
 
 
 21
 On the other hand, although Ortiz did not contend that the individual defendant's actions were a result of a policy or practice of Orange County, he did allege that the conduct of the individual defendants is "typical" of Orange County. If Ortiz was attempting to allege that the individual defendants were acting pursuant to official policies or customs of Orange County, then his claim against the County may have an arguable basis in law. Monell, 436 U.S. at 690. Thus, Ortiz should have been given an opportunity to amend his complaint to allege that a policy or practice of Orange County, carried out by Arellano, Mech, and Reyes-Hatch, deprived him of his constitutional rights. Noll, 809 F.2d at 1448. We vacate and remand with instructions to allow Ortiz to file an amended complaint. Any further appeals filed by appellant pertaining to this matter shall be referred to this panel of judges.
 
 
 22
 VACATED AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Contrary to Ortiz's contention, the Court in Monell did not hold that a municipality would be liable under the theory of respondeat superior if consent under a statute such as the 1963 California Tort Claims Act exists. Ortiz's contention therefore lacks merit