Eddie **LOPEZ**, Plaintiff–Appellant,

v.

**DEPT. OF HEALTH SERVICES**, et al., Defendants–Appellees.

No. 90–16747.

United States Court of Appeals, Ninth Circuit.

Submitted July 23, 1991.*

Decided July 30, 1991.

---

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34–4 and Fed.R.App.P. 34(a).

Eddie Lopez, pro se.

No appearance for defendant-appellee.

Before PREGERSON, D.W. NELSON and REINHARDT, Circuit Judges.

PER CURIAM:

Eddie Lopez appeals pro se the district court's sua sponte dismissal of his 42 U.S.C. § 1983 action. In his complaint, Lopez alleged that he was denied medical services because of his indigency. We review de novo, *Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir.1989), and vacate and remand.

The district court's sua sponte dismissal of an in forma pauperis complaint before service of process upon the defendants is construed as a dismissal as frivolous under 28 U.S.C. § 1915(d). *Id.* A frivolous claim is one which lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 1831, 104 L.Ed.2d 338 (1989). An indigent plaintiff with an arguable claim is entitled to issuance and service of process. *Jackson*, 885 F.2d at 640. "In civil rights cases where the plaintiff appears pro se, the court must construe the pleadings liberally

and must afford the plaintiff the benefit of any doubt." *Karim–Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir.1988).

To state a section 1983 claim, a plaintiff must allege facts which show a deprivation of a right, privilege or immunity secured by the Constitution or federal law by a person acting under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535, 101 S.Ct. 1908, 1912, 68 L.Ed.2d 420 (1981), *overruled on other grounds, Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986). The Constitution imposes no obligation on the states to pay any of the medical expenses of indigent persons. *Maher v. Roe*, 432 U.S. 464, 469, 97 S.Ct. 2376, 2380, 53 L.Ed.2d 484 (1977). Nevertheless, "when a State decides to alleviate some of the hardships of poverty by providing medical care, the manner in which it dispenses benefits is subject to constitutional limitations." *Id.* at 469–70, 97 S.Ct. at 2380.

"Action taken by a private individual may be 'under color of state law' where there is 'significant' state involvement in the action." *Howerton v. Gabica*, 708 F.2d 380, 382 (9th Cir.1983). The extent of state involvement in the action is a question of fact. *Id.* at 383. "The [Supreme] Court has articulated a number of tests or factors to determine when state action is 'significant.' " *Id.* at 382–383 (collecting cases). Under the joint action test, a private party acts under color of state law if "he is a willful participant in joint action with the State or its agents." *Dennis v. Sparks*, 449 U.S. 24, 27, 101 S.Ct. 183, 186, 66 L.Ed.2d 185 (1980). Under the governmental nexus test, a private party acts under color of state law if "there is a sufficiently close nexus between the State and the challenged action of the regulated entity so that the action of the latter may be fairly treated as that of the State itself." *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 351, 95 S.Ct. 449, 453, 42 L.Ed.2d 477 (1974); *cf. Edmonson v. Leesville Concrete Co.*, — U.S. ——, 111 S.Ct. 2077, 2082–84, 114 L.Ed.2d 660 (1991) (constitutional deprivation caused by private party involves state action if claimed deprivation resulted from exercise of a right or privilege having its source in state authority); *West v. Atkins*, 487 U.S. 42, 54, 108 S.Ct. 2250, 2258, 101 L.Ed.2d 40 (1988) (a private physician under contract with a state to provide medical services to inmates was a state actor for purposes of section 1983).

Here the district court's sua sponte dismissal was improper because Lopez's complaint alleges that defendants Maryvale Samaritan Hospital ("Maryvale") and Southwest Ambulance Service ("Southwest") are under contract with the state of Arizona to provide medical services to indigent citizens. These allegations are sufficient to support a section 1983 action because under either the joint action or the government nexus analysis they set forth a claim that defendants Southwest and Maryvale act under color of state law. *See Edmonson*, 111 S.Ct. at 2082–84; *West*, 487 U.S. at 54, 108 S.Ct. at 2258; *Dennis*, 449 U.S. at 27, 101 S.Ct. at 186; *Jackson*, 419 U.S. at 351, 95 S.Ct. at 453.

Lopez also alleges that Southwest and Maryvale refused to provide medical services to him because of his indigent status. This allegation provides an arguable basis for the claim that the defendants violated Lopez's right to equal protection. *See Maher*, 432 U.S. at 469, 97 S.Ct. at 2380.

Because Lopez's complaint provides an arguable basis for his claim that the defendants, acting under color of state law, deprived him of a constitutional right, we vacate and remand for issuance and service of process upon defendants Maryvale and Southwest.

VACATED and REMANDED.