985 F.2d 572
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Don A. HERMAN, Plaintiff-Appellant,
v.
Kurt PETERSON, Superintendent; Stanley Lee; Bob Deans;
John Doe Galvin, Custody Unit Supervisor, Pine
Hall, Defendants-Appellees.
 No. 91-36249.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 27, 1993.*
Decided Feb. 1, 1993.
 
 Before REINHARDT, CYNTHIA HOLCOMB HALL and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Don A. Herman, a Washington state prisoner, appeals pro se the district court's grant of summary judgment in favor of state prison officials in his 42 U.S.C. § 1983 action. He contends that prison officials violated his civil rights by miscalculating his release date.[1] He claims that prison officials: (1) failed to set a Good Time Release Date (GTRD) for him, resulting in him being at Washington Corrections Center (WCC) at least 86 days beyond his allegedly appropriate release date and (2) failed to give him good conduct time credit for the time he spent in presentence custody in the county jail.[2] We review de novo the district court's grant of summary judgment. Crane v. Arizona Republic, 972 F.2d 1511, 1516 (9th Cir.1992). We have jurisdiction pursuant to 28 U.S.C. § 1291 and we affirm.
 
 
 3
 Summary judgment is appropriate if the moving party presents evidence that shows that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. Once the moving party has met this initial burden, the nonmoving party has the subsequent burden of presenting significant probative evidence tending to support its claim that material, triable issues of fact remain. Fed.R.Civ.P. 56(c); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986).
 
 
 4
 As evidenced by the extensive record developed in the district court, the process is confusing, at best. We concur with the district court that the Department of Correction's (DOC) method of calculating earned early release credits for the time Herman spent in DOC custody, is constitutional. See Toussaint, 801 F.2d at 1092. Therefore, the district court properly granted summary judgment in favor of the prison officials.
 
 
 5
 Herman also claims that prison officials violated his rights by not awarding good time credit for presentence jail time.[3] "Government officials who perform discretionary functions are protected from liability for civil damages as long as 'their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.' " Hamilton v. Endell, No. 91-35651, slip op. 14471, 14478 (9th Cir. Dec. 15, 1992) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)).
 
 
 6
 Thus, "government officials are charged with knowledge of constitutional and statutory developments, including all available decisional law. Tribble v. Gardner, 860 F.2d 321, 324 (9th Cir.), cert. denied, 490 U.S. 1075 (1989).
 
 
 7
 Here, Herman correctly cites a recent Washington state case for its holding that prisoners receive good conduct credit for time spent in jail pending sentencing. In re Mota, 788 P.2d 538, 541 (1990). Nevertheless, prior to Mota, at the time of the acts complained of, it was generally understood that the law lent support to prison officials' refusal to award good conduct credit for presentence jail time. See State v. Phelan, 671 P.2d 1212 (1983). Moreover, the decision in Mota is not retroactive. See Mota.
 
 
 8
 Therefore, the defendant prison officials are entitled to qualified immunity for their failure to award Herman with presentence good conduct credit and the district court properly granted summary judgment.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Herman was released from custody on this sentence on March 18, 1988. He is currently serving a separate and unrelated sentence
 
 
 [2]
 The government argues that Herman fails to meet the minimum standards for filing a brief appealing a lower court decision. However, in light of appellant's pro se status, his failure to meet all the requirements of Fed.R.App.P. 28 will not bar his appeal. See Lopez v. Dep't of Health Services, 939 F.2d 881, 882-83 (9th Cir.1991) (per curiam) (allegations of a pro se complaint, however inartfully pleaded, should be liberally construed)
 
 
 [3]
 Herman also appears to claim that he was not given "credit" for the time he spent in presentence custody. This claim is without merit. Herman was given 151 days "credit" for the actual time spent in presentence custody. However, he was not given good time credit against that time