15 F.3d 1086
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Tony A. LUCA, Plaintiff-Appellant,
v.
ADMINISTRATION OF OFFENDER SERVICES BUREAU, Defendant-Appellee.
 No. 92-15869.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 5, 1993.*
Decided Jan. 4, 1994.
 
 Before: CHOY, GOODWIN, and SKOPIL, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Tony A. Luca appeals pro se the district court's dismissal of his 42 U.S.C. Sec. 1983 action against the Arizona Department of Corrections and several prison officials. The district court dismissed the action as frivolous prior to service of process pursuant to 28 U.S.C. Sec. 1915(d). We affirm.
 
 
 3
 Luca claims that he was denied due process when prison officials changed his sex offense treatment rating, which led to denial of eligibility for transfer to a correctional release center. The Due Process Clause does not alone protect Luca's interest in a particular classification or in transfer to another facility. See Montanye v. Haymes, 427 U.S. 236, 242 (1976). If Arizona state law directs decisionmakers to reach a particular outcome when certain substantive predicates are met, however, the state may have thereby created an interest protected by the Due Process Clause. See Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 462-63 (1989).
 
 
 4
 While the administrative regulations in effect at the time of Luca's reclassification directed prison officials to assess several factors in determining an inmate's sex offense treatment rating, the regulations did not direct prison officials to arrive at a particular classification based on these factors. See Ariz.Comp.Admin.R. & Regs. R5-1-203(I), -205(I) (1989). The regulations thus did not mandate particular outcomes based on substantive predicates. Neither the administrative code nor the statutory code limited the discretion of prison officials in deciding whom to transfer to correctional release centers. See Ariz.Rev.Stat.Ann. Sec. 41-1613(A)(2) (1991).
 
 
 5
 The Director of the Arizona Department of Corrections has also issued policy documents that might create a protected interest. See Bauman v. Arizona Dept. of Corrections, 754 F.2d 841, 844, 845 (9th Cir.1985). The documents regarding classification, however, do not require prison officials to reach a particular result if particular substantive predicates are met. See Ariz. Dept. of Corrections Policy No. 500.1. While eligibility for transfer under the applicable policy document was limited by several objective factors, including a sex offense treatment rating of 1, the document did not mandate a transfer whenever an inmate established eligibility. See Ariz. Dept. of Corrections Director's Management Order 89-25.
 
 
 6
 Because Luca's due process claim lacks an arguable basis in law or fact, the district court properly dismissed his action as frivolous. See Lopez v. Department of Health Services, 939 F.2d 881, 882 (9th Cir.1991) (per curiam).
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3