17 F.3d 393
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Paul M. ALLEN, Plaintiff-Appellant,
v.
John A. ZBINDEN, Defendant-Appellee.
 No. 93-35153.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 20, 1993.*
Decided Jan. 7, 1994.
 
 Before: SNEED, NOONAN, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Paul M. Allen appeals pro se the district court's order dismissing his amended complaint for failure to state a claim for which relief could be granted. Allen alleged that defendant John A. Zbinden, Allen's court appointed defense counsel, provided ineffective assistance during Allen's state criminal trial. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 Dismissal pursuant to Fed.R.Civ.P. 12(b)(6) is reviewed de novo. Oscar v. University Students Co-op. Ass'n, 965 F.2d 783, 785 (9th Cir.) (en banc), cert. denied, 113 S.Ct. 655 (1992). Dismissal is improper unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Love v. United States, 915 F.2d 1242, 1245 (9th Cir.1989). "A pro se litigant must be given leave to amend his or her complaint unless it is 'absolutely clear that the deficiencies of the complaint could not be cured by amendment.' " Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir.1987).
 
 
 4
 "To state a section 1983 claim, a plaintiff must allege facts which show a deprivation of a right, privilege or immunity secured by the Constitution or federal law by a person acting under color of state law." Lopez v. Department of Health Servs., 939 F.2d 881, 883 (9th Cir.1991). "A public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." Polk County v. Dodson, 454 U.S. 312, 325 (1981); see also Tower v. Glover, 467 U.S. 914, 920 (1984).
 
 
 5
 On 18 December 1992, Allen filed his amended complaint attempting to state a cause of action pursuant to 42 U.S.C. Sec. 1983, on the grounds that Zbinden, Allen's court appointed defense counsel, provided ineffective assistance during Allen's state criminal trial. These allegations are insufficient to show that Zbinden was acting under color of state law. See Tower, 467 U.S. at 920; Polk, 454 U.S. at 325. Therefore, Allen has failed to state a section 1983 claim. See Lopez, 939 F.2d at 883. Moreover, because the basis of Allen's claim is Zbinden's conduct as a court appointed defense counsel, we conclude that it is clear that Allen cannot amend his complaint to state a section 1983 claim against Zbinden. See Tower, 467 U.S. at 920; Polk, 454 U.S. at 325; Noll, 809 F.2d at 1448.
 
 AFFIRMED.[1]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Allen's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 To the extent that Allen challenges the fact or duration his confinement, his sole remedy is a writ of habeas corpus. See Preiser v. Rodriguez, 411 U.S. 475, 489-90 (1973); Young v. Kenny, 907 F.2d 874, 875 (9th Cir.1990), cert. denied, 498 U.S. 1126 (1991). To invoke federal habeas corpus review, the petition must be "in behalf of a person in custody to the judgment of a State Court." 28 U.S.C. Sec. 2254(a). Allen does not allege that he was in custody at the time he filed his amended complaint. In fact, it appears that Allen was released on parole on 25 July 1988. Therefore, Allen is not entitled to habeas corpus relief. See 28 U.S.C. Sec. 2254(a). Thus, the district court properly concluded that there was no need to stay the section 1983 claim and proceed with a challenge to the fact or duration of Allen's confinement. See Young, 907 F.2d at 875