15 F.3d 1082
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Edward E. ALLEN, Plaintiff-Appellant,
v.
JOSEPHINE COUNTY; William Arnado, Sheriff; Daniel B.
Calvert; Mark Dickson; Tele-Matic of Oregon, Inc.; Robert
J. Mohrbacher; U.S. West Communications; ACI Long
Distance; Scott Mohrbacher; Rebecca Brown, Defendants-Appellees.
 No. 93-35163.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 4, 1994.*
Decided Jan. 12, 1994.
 
 Before: REINHARDT, O'SCANNLAIN, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Edward E. Allen appeals pro se the district court's summary judgment dismissal of his 42 U.S.C. Sec. 1983 action against Josephine County, Oregon and county employees (collectively "the County defendants"); Tele-Matic of Oregon, Inc.; U.S. West Communications; and others. Allen claims that as a pro se prisoner incarcerated in the Josephine County Jail from May to October 1991, he was denied the right to self-representation on pending criminal charges because the new telephone system installed by the County through a contract with Tele-Matic permitted only collect calls at inflated prices, and did not have conference call capabilities, thereby effectively preventing him from contacting witnesses, the court, and the district attorney's office. Allen also claims that U.S. West Communications, which formerly supplied the jail's telephone system, and now bills calls and collects bills for Tele-Matic, conspired with the other defendants to violate Allen's constitutional rights. Allen contends that the district court erred by granting the summary judgment motions of Tele-Matic and the County defendants and U.S. West's motion to dismiss. We affirm.
 
 
 3
 Allen contends that the district court erred by granting summary judgment to Tele-Matic and the County defendants based on its finding that the restrictions placed on Allen's telephone access did not deprive him of his Sixth Amendment right to self-representation. This contention lacks merit.
 
 
 4
 We review the district court's grant of summary judgment de novo. Jones v. Union Pacific R.R. Co., 968 F.2d 937, 940 (9th Cir.1992). Summary judgment is appropriate if the evidence "show[s] that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).
 
 
 5
 A criminal defendant's right to conduct his own defense requires that the individual be given "time to prepare and some access to materials and witnesses." United States v. Robinson, 913 F.2d 712, 717 (9th Cir.1990), cert. denied, 498 U.S. 1104 (1991); see also Milton v. Morris, 767 F.2d 1443, 1446 (9th Cir.1985). The right of some access must be balanced against security considerations and the limitations of the penal system. Robinson, 913 F.2d at 717. "[W]hen a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate peneological interests." Turner v. Safley, 482 U.S. 78, 89 (1987).
 
 
 6
 The Sixth Amendment right to self-representation does not include the right to "conduct one's own research at government expense" nor does it imply "further rights to materials, facilities, or investigative or educational resources that aid self-representation." United States v. Wilson, 690 F.2d 1267, 1271 (9th Cir.1982), cert. denied, 464 U.S. 867 (1983). "[A] criminal defendant who exercises his right to reject counsel necessarily relinquishes many of the benefits associated with representation by counsel." Id.[1]
 
 
 7
 The telephone system installed at the Josephine County Jail by Tele-Matic has the following features: (1) all calls are limited to 15 minutes; (2) third-party calls, conference calls, and credit card calls are not available; (3) all calls are collect; (4) the system has the capability to block calls to designated numbers (such as crime victims' numbers); and (5) the phones are available for inmate use from approximately 7:00 a.m. to 11:00 p.m. daily.
 
 
 8
 The County defendants offered evidence that the system was installed to avert telephone fraud by inmates, to block restricted numbers, and to prevent individual inmates from monopolizing available phones. They also offered evidence that no bidding service, including the previous provider, was willing to offer features like third-party calling, conference calls, or credit card calls. In addition, the defendants offered evidence that no numbers for court personnel, judges, or the district attorney's office have been blocked.
 
 
 9
 Although the system allows only collect calls to be placed by inmates, Allen also had the option, although limited, of contacting witnesses by mail and through visitation. Given these options, and the evidence presented regarding the Jail's legitimate objectives in installing the Tele-Matic system, we cannot say that the district court erred in granting summary judgment to the County defendants and Tele-Matic based on its finding that the restrictions placed on Allen's telephone use are reasonably related to a legitimate penological interest and did not deprive Allen of his right to conduct his own defense. See Turner, 482 U.S. at 89.
 
 
 10
 Allen also contends that the district court erred in denying his motion to stay the determination of Tele-Matic and the County defendants' motions for summary judgment until they responded to Allen's outstanding discovery requests. This contention lacks merit.
 
 
 11
 We review for abuse of discretion the denial of a motion for continuance. Mission Indians v. American Management & Amusement, Inc., 840 F.2d 1394, 1399-1400 (9th Cir.1987), cert. dismissed, 487 U.S. 1247 (1988). In order to obtain a continuance under Fed.R.Civ.P. 56(f), a party must demonstrate how the proposed discovery would preclude summary judgment. Id.
 
 
 12
 Allen's outstanding discovery requests pertain to the jail's receipt and use of rebates from the Tele-Matic phone system, the operation, earnings, and licensing of Tele-Matic, and the personal finances of Robert and Scott Mohrbacher. The district court correctly held that the proposed discovery is not relevant to whether Allen's Sixth Amendment rights have been violated. Therefore, the district court did not abuse its discretion in denying Allen's motion to stay determination of the summary judgment motions. See id.
 
 
 13
 Allen also contends that the district court erred by dismissing his action against U.S. West. This contention lacks merit.
 
 
 14
 We review the dismissal of an action for failure to state a claim de novo. Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 496 U.S. 937 (1990). Dismissal is improper unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Love v. United States, 915 F.2d 1242, 1245 (9th Cir.1989). "A pro se litigant must be given leave to amend his or her complaint unless it is 'absolutely clear that the deficiencies of the complaint could not be cured by amendment.' " Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir.1987).
 
 
 15
 "To state a section 1983 claim, a plaintiff must allege facts which show the deprivation of a right, privilege or immunity secured by the Constitution or federal law by a person acting under color of state law." Lopez v. Department of Health Services, 939 F.2d 881, 883 (9th Cir.1991).
 
 
 16
 Allen alleged that U.S. West accepted billing on long distance charges and threatened customers with disconnection of telephone services and collection action if the charges were not paid, and participated in a conspiracy to deprive Allen of the right to conduct his defense.
 
 
 17
 Because we have already concluded that the district court did not err in granting summary judgment to the other defendants based on Allen's inability to support his claim that he was deprived of the right to self-representation, we also conclude that the district court did not err in dismissing Allen's claim against U.S. West. See id. In addition, Allen's claim of conspiracy against U.S. West is vague and conclusory and cannot withstand the motion to dismiss. See Pena v. Gardner, 976 F.2d 469, 471 (9th Cir.1992).
 
 
 18
 Allen also challenges the dismissal with prejudice of his action. Dismissal with prejudice was appropriate because allowing amendment would not have cured the defects of Allen's pleadings. See Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 623 (9th Cir.1988).
 
 
 19
 Finally, Allen contends that the district court erred in denying his motion for a default judgment against Josephine County. This contention lacks merit.
 
 
 20
 We review the denial of a motion for default judgment for abuse of discretion. Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir.1980) (per curiam).
 
 
 21
 The district court denied the motion for default judgment because there was no evidence that the County was properly served with the complaint. However, regardless of whether the County was properly served, given the lack of merit of Allen's substantive claims, we cannot say that the district court abused its discretion in declining to enter default judgment against the County. See id. at 1092.
 
 
 22
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Allen also argues on appeal that his decision to proceed pro se was not knowing and voluntary. The district court stated that Allen did not challenge the voluntary or knowing nature of his decision, and Allen presents no evidence that he raised this issue below. Therefore, this issue is not properly before this court, and there are no circumstances which would justify an exception to this rule. See In re Professional Inv. Properties of America, 955 F.2d 623, 625 (9th Cir.), cert. denied, 113 S.Ct. 63 (1992)