52 F.3d 332
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Cedric ALLEN, Plaintiff-Appellant,
v.
D.J. HELSEL, Program Administrator; Charles D. Marshall,
Warden; J.N. Hixon, Associate Warden, G.M. Ater,
Correctional Counselor II; R. Carpenter, Lieutenant; J.
McAllister, Correctional Officer; Jack Reagan, Chief Inmate
Appeals, each defendant is sued in his individual and
official capacity, Defendants-Appellees.
 No. 94-15881.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 15, 1995.*
Decided April 10, 1995.
 
 Before: CHOY, SKOPIL, and FERGUSON, Circuit Judges
 MEMORANDUM**
 Cedric R. Allen, an inmate at Pelican Bay State Prison, filed this civil right action, alleging that prison officials violated his First Amendment rights by screening his mail and by retaliating against him for filing other actions, and violated due process by relying on insufficient and unreliable evidence at his disciplinary hearing. The district court dismissed his complaint as frivolous and denied his request to proceed in forma pauperis. We conclude that Allen's claims are not frivolous, and accordingly, we reverse and remand.
 Prisoners retain those first amendment rights that are not inconsistent with their status as prisoners or with legitimate penological objectives. See Pell v. Procunier, 417 U.S. 817, 822 (1974). Allen claims that defendants violated his first amendment rights by screening his mail on the ground that he was exchanging sexually explicit mail with a minor. Because Allen alleges that his pen pal is an adult, defendants' delay of his outgoing mail in order to screen for pornography might not further a substantial government interest. See Procunier v. Martinez, 416 U.S. 396, 413-414 (1974), overruled on other grounds, Thornburgh v. Abbott, 490 U.S. 401, 413-414 (1989). Additionally, delay of Allen's incoming mail might not be reasonably related to legitimate penological interests. See Turner v. Safley, 482 U.S. 78, 89 (1987). Accordingly, the district court erred by concluding that Allen's claim was frivolous.
 The district court also erred by dismissing Allen's retaliation claim. The court focused on the defendants' "legitimate need to investigate whether [Allen was] sending sexually explicit materials to a minor," without considering Allen's arguable claims of retaliation. Liberally construed, Allen's complaint adequately alleges denial of his first amendment rights through retaliatory acts taken without a legitimate penological interest. See Soranno's Gasco Inc. v. Morgan, 874 F.2d 1310, 1314 (9th Cir.1989); Rizzo v. Dawson, 778 F.2d 527, 531-32 (9th Cir.1985).
 Similarly, the district court erred by dismissing Allen's habeas and due process claims as meritless. Because Allen is challenging the revocation of good time credits, his exclusive remedy is a writ of habeas corpus. See Heck v. Humphrey, 114 S.Ct. 2364, 2369-70 (1994). He has alleged exhaustion of his state remedies, thus, on remand the district court should treat this claim as a petition for a writ of habeas corpus. Because the prison disciplinary proceedings implicate a liberty interest, Allen is entitled to due process under the Fourteenth Amendment. See Wolff v. McDonnell, 418 U.S. 539, 563-64 (1974). Allen therefore has a cognizable section 1983 claim for damages arising from the denial of his right to due process. Allen's claim for damages resulting from the revocation of his good time credits, however, is premature until such time as the revocation of his good time credits is invalidated. See Heck, 114 S.Ct. at 2373.
 Finally, because Allen alleges non-frivolous claims, the district court should not have denied Allen's request to proceed in forma pauperis. See Lopez v. Department of Health Serv., 939 F.2d 881, 882 (9th Cir.1991) (per curiam). Consequently, Allen is entitled to issuance and service of process. Id.
 REVERSED and REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3