52 F.3d 333
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 John LYNCH, Plaintiff-Appellant,
v.
Gary CHRISTIANSEN, et al., Defendants-Appellees.
 No. 93-36172.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 4, 1994.
Decided April 21, 1995.
 
 1
 Before: BEEZER and FERNANDEZ, Circuit Judges, and ORRICK,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 This civil rights case, involving appeals from orders granting motions for summary judgment entered by the United States District Court for the Western District of Washington, was brought by John C. Lynch ("Lynch"), appearing pro se, charging the City of Bellevue ("Bellevue"), Washington, numerous law officers from Washington and Oregon, and a garage owner[1] in Washington with alleged violations of certain of his civil rights protected by 42 U.S.C. Secs. 1981, 1983, 1985 and 1986.
 
 
 4
 This civil rights case was filed after Lynch's criminal trial and conviction for the robbery of a Bellevue grocery store and after the Washington appellate court had affirmed his conviction in the trial court. Jurisdiction in the district court was proper pursuant to 28 U.S.C. Sec. 1331, and this court has jurisdiction over the appeal pursuant to 28 U.S.C. Sec. 1291. We affirm.
 
 I.
 
 5
 Lynch was arrested for a robbery in Portland, Oregon. After his arrest, Lynch requested that his friend Jeffrey Alan Tassin ("Tassin") drive his motorhome from Gresham, Oregon, to Tacoma, Washington. This Tassin and Christopher Anderson agreed to do. In the course of transporting the motorhome, they found items in the motorhome that made them suspicious that they were becoming involved in criminal activity. After consulting a lawyer, they contacted the Tacoma Police Department and showed the police what they found. The police impounded the motorhome with the consent of Tassin and Anderson in the garage of defendant Bill Loomis ("Loomis").
 
 
 6
 Deputy Sheriff Gary Dinnel ("Dinnel") of Multnomah County, Oregon, who requested that the Tacoma Police Department impound the motorhome, told detective Jim Constantine ("Constantine") of the Bellevue Police Department that he had obtained consent from the registered owner to search the motorhome. Constantine arranged for Detective Gary Felt ("Felt") of the Bellevue Police Department to serve a voluntary search warrant on the motorhome at the Tacoma Police Department. Felt seized as evidence several items that were introduced into evidence at Lynch's trial.
 
 II.
 A.
 
 7
 A grant of summary judgment is reviewed de novo. E.g., Jesinger v. Nevada Fed. Credit Union, 24 F.3d 1127, 1130 (9th Cir.1994).
 
 
 8
 We must determine, viewing the evidence in the light most favorable to the nonmoving party, whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. Id. at 1130.
 
 B.
 
 9
 1. Claims Against Loomis.
 
 
 10
 In district court, Lynch alleged civil rights violations against Loomis under 42 U.S.C. Secs. 1981, 1983, 1985, and 1986. The only factual allegations related to the claim against Loomis were that he (1) impounded Lynch's motorhome pursuant to the request of officers Parkhurst and Howard, (2) thereafter acted in concert with all the other defendants to vandalize the motorhome, and (3) stacked wood on Lynch's motorhome while it was impounded in the tow yard.
 
 
 11
 a. Section 1981 Claims.
 
 
 12
 To maintain an action under Sec. 1981, the conduct complained of must be done with discriminatory intent. Domingo v. New England Fish Co., 727 F.2d 1429, 1438 (1984), modified on other grounds, 742 F.2d 520 (9th Cir.1984). Thus, the existence of discriminatory intent is an essential inquiry of a case brought under Sec. 1981. McKenzie v. City of Milpitas, 738 F.Supp. 1293, 1301 (N.D.Cal.1990), aff'd, 953 F.2d 1387 (9th Cir.1992). Nowhere in the allegations of Lynch's complaint or in any of his moving papers does he suggest that Loomis acted with racially discriminatory intent. Therefore, this claim was properly dismissed.
 
 
 13
 b. Section 1983 Claims.
 
 
 14
 To state a claim under Sec. 1983, the plaintiff must allege facts that show deprivation of right, privilege or immunity secured by the Constitution or federal law, by one acting under color of state law. Lopez v. Department of Health Servs., 939 F.2d 881, 883 (9th Cir.1991). Lynch alleged that Loomis participated in a conspiracy with the law enforcement officers to violate Lynch's civil rights under color of state law. In order to satisfy the color of state law requirement under this theory, Lynch need only have shown that there was an "understanding" between Loomis and the officers to deprive Lynch of his rights. E.g., Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970).
 
 
 15
 There were no facts alleged by Lynch from which it can be inferred that there was an understanding between Loomis and the officers to vandalize Lynch's motorhome. This claim was properly dismissed.
 
 
 16
 c. Sections 1985 and 1986 Claims.
 
 
 17
 In an action brought under Sec. 1985(3), the plaintiff must allege the following elements: (1) a conspiracy, (2) a purpose of depriving any person or class of persons of equal protection of the laws, (3) an act in furtherance of the conspiracy, and (4) injury to a person or property or deprivation of any right or privilege of a citizen of the United States. Griffin v. Breckenridge, 403 U.S. 88, 102 (1971).
 
 
 18
 Under this section, there must be shown some class-based, invidious discriminatory animus behind the conspirators' action. Id. at 101. In order to be protected, the class of members involved must be treated differently than members of other classes with no rational justification for the difference in treatment. E.g., McCalden v. California Library Ass'n, 955 F.2d 1214, 1223 (9th Cir.1990).
 
 
 19
 Any person who has knowledge of a conspiracy that violates Sec. 1985 and has the ability to prevent the conspirators from acting yet fails to do so, violates Sec. 1986. Therefore, the failure to prove a violation under Sec. 1985 will result in the dismissal of any correlating Sec. 1986 claim. Id.
 
 
 20
 Lynch failed to set forth allegations sufficient to meet any of the essential elements of his Sec. 1985 claim against Loomis. Therefore, both his Secs. 1985 and 1986 claims were properly dismissed. In addition, Lynch failed to show that he is a member of a protected class, Nakao v. Rushen, 542 F.Supp. 856, 859 (N.D.Cal.1982), nor is there any case law that suggests that criminal suspects are members of a protected class. Lynch is not a member of a class protected under Sec. 1985.
 
 
 21
 Lynch failed to allege facts sufficient to maintain a civil rights violation claim against Loomis under Secs. 1981, 1983, 1985(3), or 1986. The district court correctly granted summary judgment in favor of Loomis, thereby dismissing all the claims against him.
 
 
 22
 d. Loomis' Motion for Costs and Attorney's Fees.
 
 
 23
 Loomis moves the court for an award of costs and attorney's fees pursuant to 28 U.S.C. Sec. 1912, which makes the award of such fees discretionary. The Court exercises the discretion to deny the motion.
 
 
 24
 2. Claims Against Officers and Bellevue.
 
 
 25
 Lynch argues that the district court's dismissal of the claims against Dinnel, Felt, Ladke, Constantine, Parkhurst, Howard, and Bellevue was not supported by the evidence. Lynch failed to put at issue the evidence that the officers reasonably believed there was valid consent to search the motorhome and he failed to offer proof that the officers damaged the motorhome. Lynch also failed to allege facts sufficient to create an issue for trial as to whether Bellevue should be liable for establishing a policy or custom that causes constitutional violations.
 
 
 26
 In district court, Lynch alleged that the officers unlawfully searched and damaged his motorhome in violation of Sec. 1983. He also alleged that Bellevue should be liable under Sec. 1983 for establishing the existence of an official municipal policy or custom that caused the violation of his constitutional rights.
 
 
 27
 a. Qualified Immunity.
 
 
 28
 A government official who violates an individual's constitutional rights may be liable for monetary damages under Sec. 1983. Government officials, however, may raise as an affirmative defense to the suit "good faith" or "qualified" immunity. The determination of qualified immunity is a question of law. Hunter v. Bryant, 502 U.S. 224, 228 (1991). A government official will be immune from liability for civil damages unless the official's conduct violates clearly established legal rights of which a reasonable person would have known. Id. at 227; Anderson v. Creighton, 483 U.S. 635, 641 (1987). The benchmark " 'gives ample room for mistaken judgments' by protecting 'all but the plainly incompetent or those who knowingly violate the law.' " Hunter, 502 U.S. at 229 (quoting Malley v. Briggs, 475 U.S. 335, 343, 341 (1986)). This is the standard for measuring the conduct of the officers in the instant case.
 
 
 29
 Probable cause and a search warrant are required to lawfully search the property of an individual. This requirement is excepted if consent to search the property is given by the owner or by a third party who possesses common authority over or some other sufficient relationship to the property. See, e.g., United States v. Matlock, 415 U.S. 164, 171 (1974).
 
 
 30
 Here, the officers are entitled to immunity because their conduct was well within the applicable standard. Tassin had control of the motorhome when he turned it over to the Tacoma Police Department. He believed he was delivering the motorhome for Lynch, and had been given instructions by Lynch on how to gain possession of it. After Tassin retrieved the evidence from within the motorhome, he turned the keys over to the Tacoma Police Department.
 
 
 31
 Later, Detective Constantine arranged for Detective Felt to search the motorhome based on the statement of Dinnel that consent had been given to search the motorhome by the registered owner. In the district court, Lynch disputed that the consent was valid. Even if the consent was invalid, the conduct of Constantine and Felt in relying on Dinnel's statement was reasonable. Likewise, Dinnel reasonably believed that the consent given to him was valid. Dinnel also had spoken with a member of the Tacoma Police Department regarding Tassin and the surrender of the motorhome.
 
 
 32
 b. Municipal Immunity.
 
 
 33
 A municipality can be subject to liability under Sec. 1983 if it can be demonstrated that a municipal policy or custom caused the violation of an individual's rights. Pembaur v. City of Cincinnati, 475 U.S. 469, 481-82 (1986). Even if the municipality's officials acted in good faith, the municipal government may still be liable under Sec. 1983. Owen v. City of Independence, 445 U.S. 622 (1980).
 
 
 34
 Lynch offered no evidence that suggested the existence of such a policy or custom.
 
 
 35
 AFFIRMED.
 
 
 
 *
 The Honorable William H. Orrick, Senior District Judge for the Northern District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or used by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Defendants in the district court besides Bellevue included Deputy Sheriff Gary Dinnel of Multnomah County, Oregon, Bellevue police officers Gary Felt and Jene Ladke, and Tacoma police officers William Parkhurst and Chuck Howard