76 F.3d 386
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Robert Alan GROTE, Plaintiff-Appellant,
v.
Sam LEWIS, Director of Arizona Prisons; Food Service of
America, Defendants-Appellees.
 No. 94-16755.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 9, 1996.*
Decided Jan. 17, 1996.
 
 Before: SNEED, HALL, and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Robert A. Grote, an Arizona state prisoner, appeals pro se the district court's grant of summary judgment for defendants in his 42 U.S.C. § 1983 action alleging that defendants failed to provide a diet in accordance with Grote's religious beliefs in violation of Grote's First Amendment rights. We have jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.
 
 
 3
 We review the district court's grant of summary judgment de novo. Rise v. Oregon, 59 F.3d 1556, 1558 (9th Cir.1995).
 
 
 4
 Grote contends that the district court erred by granting summary judgment in favor of defendant Lewis. This contention lacks merit.
 
 
 5
 "A supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir.1989). Grote submitted no evidence to establish that there was a genuine issue of material fact as to Lewis's personal participation in or knowledge of the alleged constitutional deprivation. Accordingly, the district court did not err by granting summary judgment for defendant Lewis. See Rise, 59 F.3d at 1558.
 
 
 6
 Grote also contends that the district court erred by granting summary judgment for defendant Food Service of America ("Food Service"). This contention lacks merit.
 
 
 7
 "Inmates ... have the right to be provided food ... that satisfies the dietary laws of their religion." McElyea v. Babbitt, 833 F.2d 196, 198 (9th Cir.1987) (per curiam) (citations omitted). As a private entity which contracted with prison officials to provide food to inmates, Food Service can be found liable for deprivation of constitutional rights under section 1983. See Lopez v. Department of Health Services, 939 F.2d 881, 883 (9th Cir.1991) (per curiam).
 
 
 8
 Here, in an affidavit attached to its motion for summary judgment, Food Service stated that the Arizona Department of Corrections was responsible for supplying Food Service with a list of names of inmates who needed special diets. Because Grote only submitted unauthenticated documents with his opposition to Food Service's motion for summary judgment, Grote failed to establish a genuine issue of material fact that Food Service knew that he needed a special diet. See Canada v. Blain's Helicopters, Inc., 831 F.2d 920, 925 (9th Cir.1987) (stating that unauthenticated documents "cannot support a motion for summary judgment") (citation omitted); see also Taylor, 880 F.2d at 1045 (stating that "[l]iability under section 1983 arises only upon a showing of personal participation by defendant") (citation omitted). Accordingly, the district court did not err in granting summary judgment for Food Service. See Rise, 59 F.3d at 1558.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3