87 F.3d 1321
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Sing Cho NG, a single person, Plaintiff-Appellant,
v.
QUIET FOREST II HOMEOWNERS ASSOC., a non-profit corporation
of 32716, 3rd Place South, Federal Way, WA 98003,
Defendant-Appellee.
Sing Cho NG, Plaintiff-Appellant,
v.
BOARD OF DIRECTORS OF QUIET FOREST II HOMEOWNERS
ASSOCIATION; Howard Stambor; Margaret Schaaf, a single
person; Sandy Wolf; Charlie Fair; Glenn M. Byrd; Marge
Lyman; Sharon Shay; Joyce Stensgard; Ken Stensgard;
Marjie Lyman; Davis, Wright & Tremaine, a law office,
Defendants-Appellees.
 
 Nos. 95-35522, 95-35526.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 11, 1996.*
Decided June 19, 1996.
 Before: CANBY, NOONAN, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Sing Cho Ng appeals the district court's summary judgment for defendants in these consolidated appeals alleging violation of 42 U.S.C. §§ 1983, 1985, 1986, and 42 U.S.C. § 3604 ("Fair Housing Act") as well as various state-law provisions. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the district court's grant of summary judgment, Jesinger v. Nevada Fed. Credit Union, 24 F.3d 1127, 1130 (9th Cir.1994), and we affirm.
 
 
 3
 As a preliminary matter, we consider Ng's motion to disqualify Howard Strambor as counsel on appeal. In determining whether Strambor should be disqualified, we seek guidance from the State of Washington's rules of professional conduct. Cf. Gen.R. 2(e) (W.D.Wash.1996). Insofar as Ng argues that Strambor's own interests as a defendant would materially limit his ability to represent the Homeowners Association, we conclude that Ng's contention lacks merit. See Wash. RPC 1.7(b).
 
 
 4
 In this action, Ng challenges the adoption of two rules by the Homeowners Association. One of the rules requires condominium owners to either attend association meetings, send written ballots or a proxy, or pay a $100 penalty. The other rule prohibits condomium owners from renting their units for the first two years of ownership.
 
 
 5
 Because Ng did not present sufficient evidence to establish that defendants were acting under color of state law, the district court did not err by granting summary judgment for defendants on Ng's section 1983 claims. See Lopez v. Department of Health Servs., 939 F.2d 881, 883 (9th Cir.1991); Life Ins. Co. of N. Am. v. Reichardt, 591 F.2d 499, 501-02 (9th Cir.1979).
 
 
 6
 Because Ng did not present sufficient evidence that the defendants had conspired to deprive him of his constitutional rights because of his race or another classification which the courts have recognized as needing special protection, the district court did not err by granting summary judgment for defendants on his section 1985 claim. See Griffin v. Breckenridge, 403 U.S. 88, 102 (1971); Schultz v. Sundberg, 759 F.2d 714, 718 (9th Cir.1985).
 
 
 7
 Because Ng's section 1986 claim depended upon the validity of his section 1985 claim, the district court did not err by granting summary judgment for defendants on his section 1986 claim. See Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 626 (9th Cir.1988).
 
 
 8
 Because Ng did not present sufficient evidence that the two challenged rules were enacted with a discriminatory purpose, or that they had a disparate impact on a statutorily-protected class, the district court did not err by granting summary judgment for defendants on Ng's Fair Housing Act claims. See Keith v. Volpe, 858 F.2d 467, 482 (9th Cir.1988), cert. denied, 493 U.S. 813 (1989).
 
 
 9
 Because no federal claims remained, the district court did not err by dismissing Ng's state law claims. See Notrica v. Board of Supervisors, 925 F.2d 1211, 1213-14 (9th Cir.1991).
 
 
 10
 Because Ng did not establish the likelihood of success on the merits or the exceptional complexity of the issues, the district court did not err by denying his motion for appointment of counsel. See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir.1991).
 
 
 11
 The district court did not err by revoking Ng's in forma pauperis status when the record establishes that Ng owns property not listed in his application for in forma pauperis status. See 28 U.S.C. § 1915(d); O'Loughlin v. Doe, 920 F.2d 614, 617 (9th Cir.1990).
 
 
 12
 Insofar as Ng challenges the district court's grant of summary judgment on res judicata grounds in appeal no. 95-35522, the district court did not err by concluding that the action was precluded because it raised issues which had been, or could have been, litigated in Ng's other case. See Robi v. Five Platters, Inc., 838 F.2d 318, 321-22 (9th Cir.1988).
 
 
 13
 Finally, we conclude that the district court did not err by awarding the defendants attorney's fees under 42 U.S.C. § 1988. See Vernon v. City of Los Angeles, 27 F.2d 1385, 1402 (9th Cir.1994).
 
 
 14
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4. We grant defendants' motion to strike portions of Ng's opening brief because it contains material which was not part of the record before the district court. See United States v. Walker, 601 F.2d 1051, 1054-55 (9th Cir.1979); Fed.R.App.P. 30; 9th Cir.R. 30-1.3(a)(xi)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3