133 F.3d 925
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Paul E. BARRIER, Plaintiff-Appellant,
v.
MARIN GENERAL HOSPITAL; Arnold Knepfer, M.D., Defendants-Appellees.
 No. 97-16314.
 United States Court of Appeals, Ninth Circuit.
 Submitted December 15, 1997.**
Decided Dec. 17, 1997.
 
 Before: SNEED, LEAVY, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Paul E. Barrier appeals pro se the district court's Fed.R.Civ.P. 12(b)(6) dismissal of his 42 U.S.C. § 1983 action alleging civil rights violations due to his involuntary commitment to the psychiatric unit of Marin General Hospital by Dr. Knepfer. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We review de novo the district court's dismissal of an action for failure to state a claim. See Buckey v. County of Los Angeles 968 F.2d 791, 793-94 (9th Cir.1992). Dismissal is appropriate if it appears that " 'plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' " Id. at 794 (quoting Love v. United States, 915 F.2d 1242, 1245 (9th Cir.1989)).
 
 
 4
 Barrier contends that the district court erred in dismissing his amended complaint for failure to allege that defendants were acting under color of state law. We disagree.
 
 
 5
 In order to properly state a claim under section 1983, the plaintiff must plead specific facts that the violation of his rights was committed by a person acting under color of state law. See Lopez v. Department of Health Servs., 939 F.2d 881, 883 (9th Cir.1991) (per curiam). Here, even after the district court informed Barrier of the defects in his first complaint and gave him the opportunity to amend, see Lucas v. Department of Corrections, 66 F.3d 245, 248 (9th Cir.1995) (per curiam), Barrier nevertheless failed to allege facts that would establish that the defendants were acting under color of state law, in his amended complaint, see, Lopez, 939 F.2d at 883. Dr. Knepfer was a private physician at Marin General Hospital, a private hospital. The fact that Barrier was involuntary committed pursuant to Cal. Welf. & Inst.Code § 5150 does not make defendants' actions "fairly attributable to the State." See Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1982). Accordingly, the district court did not err by dismissing Barrier's action. See Buckey, 968 F.2d at 794.
 
 
 6
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4. Accordingly, appellant's request for oral argument is denied. Further, we deny appellant's motion for redress, satisfaction for injury and damages sustained. Moreover, appellant is granted in forma pauperis status for this appeal
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3