142 F.3d 443
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Bradly CUNNINGHAM, Plaintiff-Appellant,
v.
NATIONAL BROADCASTING CORPORATION, a corporation; Sony
Pictures, a corporation; Columbia Tristar Corporation, a
corporation; Craig Anderson Production Company, a
corporation; Simon & Schuster, Inc., a corporation; Ann
Rule, an individual; Craig Anderson, an individual; Ken
Olin; April Arwood, an individual, Defendants-Appelles.
 No. 96-35742.
D.C. No. CV-96-00579-MRH.
 United States Court of Appeals,
Ninth Circuit.
 Submitted April 20, 1998.**
Decided April 23, 1998.
 
 Appeal from the United States District Court for the District of Oregon Michael R. Hogan, Chief Judge, Presiding.
 Before BRUNETTI, RYMER, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Oregon state prisoner Bradly Cunningham appeals pro se the district court's dismissal of his action alleging that defendants violated his constitutional rights, invaded his privacy, and presented him in a false light in a book and television miniseries involving the murder of his former wife. Cunningham contends that the district court erred by dismissing his action as frivolous pursuant 28 U.S.C. § 1915(d). We have jurisdiction pursuant to 28 U.S.C. § 1291. We review for abuse of discretion, Denton v. Hernandez, 504 U.S. 25, 31-33, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992), and affirm.
 
 
 3
 We agree with the district court that Cunningham's claims are frivolous. First, Cunningham's claims under 42 U.S.C. §§ 1985 and 1986 are not premised upon a racial or class-based animus demonstrating an invidious discriminatory motive. See Sever v. Alaska Pulp Corp., 978 F.2d 1529, 1536 (9th Cir.1992); cf. Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 626 (9th Cir.1988). Second, to the extent Cunningham is alleging a claim under 42 U.S.C. § 1983, he has not alleged that defendants acted under color of state law. Cf. Lopez v. Department of Health Servs., 939 F.2d 881, 883 (9th Cir.1991) (per curiam). Finally, federal jurisdiction does not exist under 28 U.S.C. § 1332 because Cunningham has not alleged damages at or above the jurisdictional minimum or complete diversity of citizenship. See Caterpillar, Inc. v. Lewis, 519 U.S. 61, 117 S.Ct. 467, 472, 136 L.Ed.2d 437 (1996). Accordingly, the district court did not abuse its discretion by dismissing Cunningham's claims as frivolous pursuant to 28 U.S.C. § 1915(d). See Denton, 504 U.S. at 31-33.
 
 
 4
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3