**Joseph M. RIMAC, Plaintiff—Appellant,**

v.

**Randy DUNCAN; Randy Crawford; County of Del Norte; Fort Dick Fire Protection District, Defendants—Appellees.**

No. 07–15962.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 9, 2008.

Filed March 10, 2009.

Anna M. Martin, Esquire, Kevin Gill, Rimac Martin, PC, San Francisco, CA, for Plaintiff–Appellant.

Nancy K. Delaney, William F. Mitchell, Esquire, John Michael Vrieze, Mitchell, Brisso, Delaney & Vrieze, Eureka, CA, Stephen M. Caine, Haight, Brown & Bonesteel, LLP, Los Angeles, CA, for Defendants–Appellees.

Before: B. FLETCHER, McKEOWN and N.R. SMITH, Circuit Judges.

MEMORANDUM *

Joseph Rimac appeals the district court's dismissal of his 42 U.S.C. § 1983 action for lack of subject matter jurisdiction. The parties are familiar with the facts of the case so we will not repeat them here, except to note that Duncan cut down Rimac's trees after a meeting with Crawford, the Fire Department Chief. We find that Rimac's complaint sufficiently alleges state action involving Duncan and Crawford, creating subject matter jurisdiction under § 1983. Accordingly, we reverse the district court's dismissal of the § 1983 claims against Duncan and Crawford and remand for further proceedings. We reverse the district court's dismissal of the supplemental state law claims against all defendants insofar as that dismissal was entered "with prejudice" rather than "without prejudice." However, we affirm the dismissal of the § 1983 claims against the Fort Dick Fire Protection District ("FDFPD") and the County of Del Norte (the "County").

At the outset, we note that appellees' factual assertions in the declarations and exhibits in the record do not go to rebutting the alleged "joint action" between Duncan and Crawford. Therefore, any factual attack on jurisdiction fails because appellees have not averred the necessary facts. *See Safe Air for Everyone v. Meyer,* 373 F.3d 1035, 1039 (9th Cir.2004) (describing the difference between a factual and a facial attack to jurisdiction).

In a facial attack, the court must consider whether the complaint, on its face, sufficiently alleges state action, presuming all allegations to be true. *Id.; Carson Harbor Village, Ltd. v. City of Carson,* 353 F.3d 824, 826 (9th Cir.2004). Because we

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

find that Duncan was not acting in any official capacity as a correctional officer, he can only be subject to liability under § 1983 if his private actions can be fairly treated as state action. We have used "four tests for determining whether a private individual's actions amount to state action: (1) the public function test; (2) the joint action test; (3) the state compulsion test; and (4) the governmental nexus test." *See Franklin v. Fox,* 312 F.3d 423, 445 (9th Cir.2002). Only the joint action test is relevant here. Viewing the allegations in the light most favorable to Rimac, we conclude that the complaint sufficiently alleges joint action between Duncan and Crawford on the theory that there was an agreement or plan between them to cut down the trees. *See Lopez v. Dep't of Health Services,* 939 F.2d 881, 883 (9th Cir.1991) (finding joint action based on an express agreement between two private hospitals and the state); *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 158–59, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970) (allegation of implicit agreement between waitress and police officer sufficient to support state action). *See also Collins v. Womancare,* 878 F.2d 1145, 1154 (9th Cir.1989) (a civil conspiracy under § 1983 demonstrates an agreement sufficient to show joint action).

As to the action against Crawford, "a State normally can be held responsible for a private decision only when it has exercised coercive power or has provided such significant encouragement, either overt or covert, that the [action] must in law be deemed to be that of the State." *Blum v. Yaretsky,* 457 U.S. 991, 1004, 102 S.Ct. 2777, 73 L.Ed.2d 534 (1982) (internal citations and quotation marks omitted). "Mere approval of or acquiescence in the initiatives of a private party is not sufficient to justify holding the State responsible . . ." *Id.* at 1004–05, 102 S.Ct. 2777; *see also American Mfrs. Mut. Ins. Co. v. Sullivan,* 526 U.S. 40, 52, 119 S.Ct. 977, 143 L.Ed.2d 130 (1999) (citing *Blum).* We find no allegation sufficient to sustain a claim that Crawford personally acted to deprive Rimac of his civil rights, or that Crawford directed or exercised coercive power over Duncan. Rimac's allegations that Crawford retroactively authorized Duncan to act by writing the letter shows, at most, that Crawford merely approved of or acquiesced in the removal of the trees, and therefore are not actionable. Nonetheless, because Rimac alleged that Crawford and Duncan met, agreed to remove the trees, and came to a plan to deprive Rimac of his constitutional rights, the complaint sufficiently alleges a civil conspiracy, which could, if true, subject Crawford to § 1983 liability for Duncan's actions in furtherance of the conspiracy. *See Franklin,* 312 F.3d at 441 (to prove a civil conspiracy under § 1983, the plaintiff must show "an agreement or 'meeting of the minds' to violate constitutional rights.") (citing *United Steelworkers of Am. v. Phelps Dodge Corp.,* 865 F.2d 1539, 1540–41 (9th Cir. 1989)); *Mendocino Environmental Center v. Mendocino County,* 192 F.3d 1283, 1301 (9th Cir.1999) (citations omitted).

Therefore, appellees' facial attack on Rimac's complaint fails, and Rimac may proceed to attempt to prove up his theory of the case against Duncan and Crawford.

Because we find that the complaint has alleged sufficient facts to give the district court jurisdiction under § 1983, we also reverse the district court's dismissal with prejudice of Rimac's supplemental state law claims. *See* 28 U.S.C. § 1367.

We affirm the district court's dismissal of the § 1983 claims against the FDFPD and the County for failure to state a claim. *See Branson v. Nott,* 62 F.3d 287, 291 (9th Cir.1995) ("We may affirm the decision of the district court on any basis which the record supports."). Rimac's complaint

does not sufficiently allege a municipal custom or policy that would subject the FDFPD or the County to municipal liability under § 1983. *See Monell v. Department of Social Services*, 436 U.S. 658, 694, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); *Thompson v. City of Los Angeles*, 885 F.2d 1439, 1443 (9th Cir.1989) ("Consistent with the commonly understood meaning of custom, proof of random acts or isolated events are insufficient to establish custom. Only if a plaintiff shows that his injury resulted from a 'permanent and well-settled' practice may liability attach for injury resulting from a local government custom." (internal citations omitted)). Rimac's allegation of inadequate policies and programs regarding training of employees are insufficiently pled. A plaintiff "must demonstrate a 'conscious' or 'deliberate' choice on the part of a municipality in order to prevail on a failure to train claim." *Price v. Sery*, 513 F.3d 962, 973 (9th Cir.2008) (citing *Blankenhorn v. City of Orange*, 485 F.3d 463, 484 (9th Cir.2007)). Rimac has made no such allegation.

The judgment of the district court is REVERSED and REMANDED with respect to the § 1983 claims against Crawford and Duncan. We AFFIRM the district court's dismissal of the § 1983 claims against the FDFPD and the County. We REVERSE the district court's dismissal of the supplemental state law claims against all defendants insofar as that dismissal was entered with prejudice. The FDFPD and the County of Del Norte are dismissed from this suit, but the dismissal does not bar Rimac from bringing suit against the FDFPD and the County of Del Norte in state court based on his state law claims. In the event that the federal claims are resolved in Crawford and Duncan's favor, and the district court declines to retain supplemental jurisdiction over the state law claims, the dismissal shall be without prejudice to Rimac's ability to pursue those claims in state court.

We award costs on appeal to Appellees, FDFPD and the County of Del Norte. Appellant, Rimac, and Appellees, Crawford and Duncan, shall each bear their own costs on appeal.

**REVERSED in part, AFFIRMED in part, and REMANDED.**

## ORDER

The memorandum disposition filed on January 28, 2009 is hereby withdrawn. A new memorandum disposition will be filed simultaneously with this order.

## ORDER

The mandate issued on February 24, 2009 is recalled.