94 F.3d 653
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Michael TURNER, Plaintiff-Appellant,
v.
Dr. ZULFACAR, Defendant-Appellee.
 No. 95-56244.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 12, 1996.*
Decided Aug. 22, 1996.
 
 Before: BROWNING, SCHROEDER and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Michael R. Turner, a California state prisoner, appeals pro se the district court's dismissal of his second amended complaint in his 42 U.S.C. § 1983 action. Turner contends that Dr. Zulfacar, a prison physician, acted with deliberate indifference to his medical needs by: (1) failing to adequately treat his migraine headaches and allergies; (2) refusing to renew his prescriptions; and (3) subjecting him to an internal rectal examination. Ordinarily, a district court's dismissal without prejudice is not a final appealable order. McGuckin v. Smith, 974 F.2d 1050, 1053 (9th Cir.1992). Because Turner elected to stand on his complaint and appeal, however, the order of dismissal is final and appealable. See id. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review the district court's sua sponte dismissal of Turner's complaint for an abuse of discretion, See Denton v. Hernandez, 504 U.S. 25, 33 (1992), and affirm.
 
 
 3
 The court may dismiss an informa pauperis complaint under 28 U.S.C. § 1915(d) if it is frivolous. Neitzke v. Williams, 490 U.S. 319, 324 (1989). A complaint is frivolous if "it lacks an arguable basis either in law or in fact." Id. at 325. A plaintiff with an arguable claim is entitled to issuance and service of process. Lopez v. Dep't of Health Servs., 939 F.2d 881, 882 (9th Cir.1991) (per curiam). Moreover, in civil rights actions where the plaintiff appears pro se, the court must construe pleadings liberally and afford the plaintiff the benefit of any doubt. Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 623 (9th Cir.1988).
 
 
 4
 To prevail on a deliberate indifference claim, a prisoner must first demonstrate the existence of an injury or medical condition that: (1) a reasonable doctor or patient would find important and worthy of comment or treatment; (2) significantly affects daily activities; or (3) involves chronic or substantial pain, of which prison officials should have been aware. See Estelle v. Gamble, 429 U.S. 97, 104-05 (1976); McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir.1992). Prison officials may manifest deliberate indifference to serious medical needs when they "deny, delay, or intentionally interfere with medical treatment." McGuckin, 974 F.2d at 1059.
 
 
 5
 Here, Turner contends that Zulfacar failed to treat his persistent migraine headaches and allergies, even though he had a documented history of migraines and hives. Turner argues that Zulfacar insisted on prescribing medication that did not alleviate his pain and discomfort, even though there are records indicating that the same medications were ineffective in the past. Turner also alleges that Zulfacar refused and continues to refuse to prescribe any medication on a consistent basis. Finally, Turner claims that Zulfacar intentionally inflicted pain when she subjected him to an internal rectal exam after he complained of an external wart.
 
 
 6
 Because Turner was given the opportunity to amend his complaint, and can only allege facts that rise to the level of medical negligence, the district court did not abuse its discretion by dismissing Turner's second amended complaint as frivolous. See Denton, 504 U.S. at 33.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3