MEMORANDUM **
Mayfield Allen Riper, a Nevada state prisoner, appeals pro se from the district court’s judgment dismissing his 42 U.S.C. § 1983 action alleging that prison officials violated his civil rights. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo a dismissal under 28 U.S.C. § 1915(e). Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir.1998) (order). We affirm in part and vacate in part, and remand.
The district court properly dismissed Ki-per’s claim that defendant Adamson deprived him of property without due process because Riper had an adequate post deprivation remedy under Nevada law. See Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir.1994) (per curiam) (“[A] negligent or intentional deprivation of a prisoner’s property fails to state a claim under section 1983 if the state has an adequate post deprivation remedy.”); see also Nev.Rev. Stat. 41.0322.
The district court properly dismissed Kiper’s claim against defendant Skolnik because the amended complaint did not allege facts to show that the Skolnik deprived Riper of a constitutional or federal right. See Lopez v. Dep’t of Health Servs., 939 F.2d 881, 883 (9th Cir.1991) (setting forth elements of a section 1983 claim).
Contrary to Kiper’s contentions, the district court correctly dismissed without prejudice his claims alleging that various *437 defendants conspired to deny him parole because judgment in his favor would “necessarily imply the invalidity of his ... sentence.” Heck v. Humphrey, 512 U.S. 477, 487, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994); Butterfield v. Bail, 120 F.3d 1023, 1024-25 (9th Cir.1997).
However, the district court improperly dismissed Kiper’s Eighth Amendment claim against defendant Weiss. The district court found that the amended complaint alleged that Kiper was housed with a smoker for only one day and was not exposed to secondhand smoke. Exhibit C, attached to Kiper’s amended complaint, states that Kiper had been living with the smoker for two months and enduring the smoke. Construed liberally, Kiper’s complaint and attachments thereto state a col-orable Eighth Amendment claim for the purposes of satisfying section 1915 screening. See Helling v. McKinney, 509 U.S. 25, 35, 113 S.Ct. 2475, 125 L.Ed.2d 22 (1993) (holding that a prisoner who alleges that prison officials have, with deliberate indifference, exposed him to levels of tobacco smoke that pose an unreasonable risk of serious damage to future health states an Eighth Amendment claim); see also Fed.R.Civ.P. 10(c) (stating that an exhibit to a pleading is a part of the pleading for all purposes).
Accordingly, we vacate the district court’s dismissal of Kiper’s Eighth Amendment claim and remand for further proceedings.
Kiper shall bear his own costs on appeal.
AFFIRMED in part; VACATED in part; REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9 th Cir. R. 36-3.